# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOHNNIE SWANS, # 108928**                                              **PETITIONER**

**versus**                                              **CIVIL ACTION NO. 5:10cv7-DCB-MTP**

**DALE CASKEY**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of Johnnie Swans for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [9] pursuant to § 2244(d). Having considered the Respondent's Motion [9], along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [9] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On or about November 23, 2004, Petitioner Johnnie Swans pled guilty to murder in the Circuit Court of Yazoo County, Mississippi. Swans was sentenced to life without parole. *See* Petition [1] at 1; Exs. A and B to Motion [9].

Swans filed a Motion for Post-Conviction Collateral Relief in the Yazoo County Circuit Court or about March 13, 2008.[1] The Yazoo County Circuit Court denied the motion on July 25, 2008.[2] On June 23, 2009, the Mississippi Court of Appeals affirmed the trial court's decision finding that Swans' petition was time-barred pursuant to Miss. Code Ann. § 99-39-5(2). *Swans v. State*, 23 So. 3d 574 (Miss. Ct. App. 2009).[3] Swans' petition for rehearing was denied on

---

[1] *See* Ex. C to Motion [9-2].

[2] *See* Ex. D to Motion [9-2].

[3] *See* Ex. E to Motion [9-3].

October 20, 2009, and his petition for writ of certiorari was denied on December 17, 2009. *Id.*

Swans submitted his federal Petition for Writ of Habeas Corpus [1] on or about January 17, 2010. The Respondent contends that Swans' Petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

As stated above, Swans pled guilty to the crime of murder and was sentenced by the court on November 23, 2004. While direct appeals from guilty pleas are prohibited under state law, Swans could have appealed an alleged illegal sentence within thirty days of the trial court's final judgment and sentence.[4] Accordingly, Swans' judgment became final-- and the statute of limitations for federal habeas relief began to run-- on December 23, 2004, giving him until December 23, 2005, to file his petition. Swans did not file his federal petition until, at the

---

[4]Direct appeals are prohibited when a defendant enters a guilty plea. *See* Miss. Code Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."). As Respondent correctly notes, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, No. 3:06cv511-TSL-JCS, 2007 WL 1087485, at *2 (S.D. Miss. March 15, 2007).

earliest, January 17, 2010,[5] over four years after the federal statute of limitations had expired. Based on the foregoing, Swans' federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on December 23, 2004, and Swans' filing of the federal petition for habeas corpus on or about January 17, 2010, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, Swans did file a motion for post-conviction relief in state court, but did not do so until March 13, 2008, over two years after the expiration of the deadline to file his federal habeas petition. Because Swans failed to file a motion for post-conviction relief in the state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply.[6]

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and

---

[5]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

[6]Moreover, Respondent correctly notes that statutory tolling under Section 2244(d) only applies to "properly filed" state petitions for post-conviction relief. *See Wardlaw v. Cain*, 541 F.3d 275, 277-79 (5th Cir. 2008). Because the state court dismissed Swans' petition as time-barred, it is not a "properly filed" petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-18 (2005) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000)) ("Time limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'"). The Supreme Court has held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).'" *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

3

exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

In his Petition [1] Swans claims that his petition is not time-barred based on the following reasons: illegal sentence, ADA discrimination, "newly discovered evidence of breached plea;" "guilty plea obtained through fraud;" "state court denials by interference with access to courts and denials of access to transcripts and court records;" mental illness; discrimination; and incompetent ILAP[7] staff.[8] Petition [1] at ¶ 18. In his Response [12] in opposition to Respondent's Motion [9], in addition to rearguing the merits of the grounds raised in his petition, Swans claims that his petition is not time-barred because he has a lack of understanding of the law and has to depend on other inmates to do legal work, and that it is difficult to receive legal assistance from other inmates. Swans also claims he has a mental illness, despite the fact he has completed several programs in the facility, but does not have the medical records to support his illness because they are difficult to obtain. He further states that even though he requested legal assistance, the law library only provided him forms, pens and

---

[7]Presumably the Inmate Legal Assistance Program.

[8]The court notes that many of the stated reasons under paragraph 18 appear to relate to the merits of the grounds raised in Swans' Petition [1], and not the timeliness of the petition.

paper, copies, and mail service; ILAP staff never assisted him with research or with actually preparing his legal documents.

Swans has not shown that he was "actively misled" or that he was prevented from asserting his rights. While Swans claims he has a "lack of understanding of the law," ignorance of the law and being *pro se* do not constitute such rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Based on the record, Swans does not claim he was denied access to the law library or the legal assistance program. Rather, he is dissatisfied with the service he received (i.e., that they did not prepare his pleadings for him.) Swans' lengthy pleadings, in which he cites to case law and other authority, demonstrate that he is capable of preparing legal pleadings. Moreover, the record reflects that during his incarceration, Swans has received degrees in theology and biblical studies from the Gulf Coast Bible Institute, and has successfully completed a computer course. Petition [1-2] at 114-16.

Swans has also failed to demonstrate he is entitled to equitable tolling based on his alleged "mental illness." In *Fisher v. Johnson*, 174 F.3d at 715, the Fifth Circuit "recognized the possibility that mental incompetency might support equitable tolling of a limitation period." However, in *Fisher*, the court ultimately concluded that a brief period of seventeen days of incapacity (during which petitioner was in a psychiatric ward, medicated, separated from his glasses, and denied access to legal materials) during a one-year limitations period was not sufficient to warrant equitable tolling. *Id.*; *see also Pena v. Johnson*, 37 F. App'x 91, No. 00-41158, 2002 WL 1022044, at *1 (5th Cir. May 14, 2002) (affirming district court's denial of habeas petition as time-barred, holding that the equitable tolling doctrine did not apply based on petitioner's alleged incompetence, where there was evidence that his "condition did not prevent him from pursuing his habeas rights during the relevant time period"); *Smith v. Johnson*, 247

5

F.3d 240, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (stating that "a claim of incompetence does not automatically entitle a prisoner to equitable tolling[,]" and holding that petitioner failed to allege sufficient facts to support his claim that his mental incompetence "impeded him from asserting his legal rights"); *Robinson v. Johnson*, 218 F.3d 744, No. 99-40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (affirming district court's dismissal of section 2254 petition, holding that the equitable tolling doctrine did not apply based on petitioner's alleged mental incapacity, where he failed to submit any evidence "supporting his contention that his mental condition or medication impaired his ability to [timely] file his federal habeas petition").

While Swans may in fact suffer from mental illness, he has failed to put forth sufficient evidence as to how his alleged "mental illness" prevented him from timely filing his federal habeas petition. He further fails to explain why he was unable to file his petition before the expiration of the relevant time period, but was later able to do so three years later. As noted above, his alleged mental illness apparently did not prevent him from receiving degrees in theology and biblical studies from the Gulf Coast Bible Institute and from successfully completing a computer course. Petition [1-2] at 114-16. Likewise, the alleged mental illness did not prevent him from filing a tardy petition for post-conviction relief in state court in 2008.

The court finds persuasive the opinion of the Southern District of Texas in *Phillips v. Quarterman*, No. H-06-2495, 2007 WL 2156620 (S.D. Tex. July 25, 2007). In *Phillips*, the respondent moved to dismiss petitioner's habeas petition as time-barred under section 2244(d). *Phillips*, 2007 WL 2156620, at *1. Like Swans, the petitioner claimed that the equitable tolling doctrine should apply to his petition based on his mental incompetency. *Id*. at *3. While the records submitted showed that Phillips had a long history of mental health problems, he provided no proof that his mental state prevented him from pursuing his legal remedies before the

expiration of the one-year statute of limitations. *Id.* at *5-*7. The court held that Phillips failed to identify how his mental limitations prevented him from working on his habeas petition or obtaining assistance from others to do so during the relevant period. *Id.* at *8. The court stated, "Phillips has not shown in what specific respects he lacked the mental capacity to pursue his legal rights during the relevant period; he does not explain how he was able to do so later." *Id.* "The mere fact that Phillips suffered with mental ailments before the entry of his conviction, and possibly thereafter, including the time of the one-year limitations period, is insufficient to show that any mental illness rendered him unable to pursue his legal rights during the relevant time period." *Id.*

For the reasons set forth above, the court is of the opinion that Swans has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition.

## CONCLUSION

Swans' state court conviction became final on December 23, 2004. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until December 23, 2005, at the latest, to file a federal petition for a writ of habeas corpus. Based on this court's conclusion that Swans has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because Swans did not file his federal petition until January 17, 2010, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Respondent's Motion to Dismiss [9] be GRANTED and that Swans' Petition for Writ of Habeas Corpus be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of July, 2010.

s/ Michael T. Parker  
United States Magistrate Judge