# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

JOHNNIE SWANS, # 108928                                                       PETITIONER

versus                                          CIVIL ACTION NO. 5:10cv7-DCB-MTP

DALE CASKEY                                                         RESPONDENT

## ORDER

THIS MATTER is before the Court on the Motion to Reconsider [15] filed by Petitioner. The Court having considered the motion finds that it should be DENIED.

In his Motion [15], Petitioner asks the Court to reconsider its Report and Recommendations [14] recommending that Respondent's Motion to Dismiss Pursuant to Section 2244(d) [9] be granted.

This Court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007)

---

[1] Rule 59(e) is not technically applicable to Petitioner's Motion [15] since the Report and Recommendations [14] is not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the Court will apply the same standard to the instant motion.

(quoting *Templet v. HydroChem, Inc*., 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this Court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the Court must deny the motion. *Id.* at *3.

Petitioner claims his motion to reconsider should be granted based on "new evidence" concerning his alleged mental illness. Petitioner attaches a letter dated July 15, 2010, from C.K. Knox, an academic instructor at East Mississippi Correctional Facility, stating that Petitioner has difficulty expressing himself, and that in his opinion he needs legal assistance with this matter.[2] Mr. Knox also attaches portions of Petitioner's GED scores, indicating that he failed all subjects except for science. *See* Motion [15] and Exhibits [15-1]. While this evidence may be "new" in that it was not included in Petitioner's previous filings, Petitioner has failed to show that it was

---

[2]Petitioner also attaches a motion filed with the Mississippi Supreme Court dated October 12, 2009. Petitioner fails to establish that this evidence is new and was not previously available or how the motion relates to his alleged mental illness.

not previously available to him. Regardless, the "new" evidence fails to establish how his alleged "mental illness" prevented him from timely filing his federal habeas petition.

As Petitioner has failed to demonstrate any of the three grounds set forth above, his motion to reconsider must be denied. Petitioner is reminded that the Report and Recommendations [14] is not a final "judgment." Rather, the district judge will review the Report and Recommendations [14] along with any objections filed by the parties, and will either accept, reject, or modify the recommended disposition. *See* Fed. R. Civ. P. 72(b). It appears that the pleading filed by Petitioner [15][16] serves as his objections to the undersigned's Report and Recommendations [14]. If Petitioner wishes to file any further objections to the Report and Recommendations [14], he shall do so within fourteen days. Accordingly,

IT IS, THEREFORE, ORDERED that Petitioner's Motion to Reconsider [15] is DENIED.

SO ORDERED this the 4th day of August, 2010.

                                                            s/ Michael T. Parker
                                                           United States Magistrate Judge